IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BECKY S. WAKEHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV422 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE GOODYEAR TIRE & RUBBER CO., | ) | |
| CATERPILLAR, INC., | ) | |
| TITAN INTERNATIONAL, INC., | ) | |
| TITAN WHEEL CORPORATION | ) | |
| OF VIRGINIA, | ) | |
| TITAN WHEEL CORPORATION a/k/a | ) | |
| TITAN MARKETING SERVICES, INC., | ) | |
| and TITAN WHEEL CORPORATION | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to stay proceedings (Filing No. 38) filed by the defendants Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of Virginia and Titan Wheel Corporation of Illinois (collectively the Titan defendants). The Titan defendants filed a brief (Filing No. 39) and attached evidence to their motion. The defendant Caterpillar, Inc. filed a motion (Filing No. 41) to join the Titan defendants' motion. The plaintiff filed a brief (Filing No. 43) and an index of evidence (Filing No. 44) in opposition to the motion to stay. The Titan defendants filed a reply brief (Filing No. 47) and an index of evidence (Filing No. 48). The defendant Goodyear Tire & Rubber Co. did not participate in the briefing of the motion to stay.

## BACKGROUND

This case arises from the untimely death of Gary Wakehouse who was killed on February 6, 1997, while he was changing a tire on a Caterpillar road grader. **See** Filing No. 1, Exhibit A ¶ 15, 24. While the tire was being installed and mounted, the multi-piece wheel rim separated causing the side-ring to strike Mr. Wakehouse resulting in fatal injuries. *Id.* The

plaintiff, Mr. Wakehouse's widow, alleges the defendants are liable for the death under theories of strict liability and/or negligence. *Id.* Exhibit A.

On August 15, 1997, the plaintiff filed an action in the Circuit Court of St. Clair County, Illinois. The St. Clair County case was dismissed on the basis of interstate forum non conveniens on February 13, 2002. On July 30, 2002, the plaintiff filed an identical action in the Circuit Court of Peoria County, Illinois. The defendants moved to dismiss the Peoria County lawsuit based on the St. Clair County court's ruling that, although having jurisdiction, Illinois courts would decline to entertain the non-Illinois action. The Peoria County court denied the motions to dismiss. However, the Illinois Supreme Court entered a supervisory order directing the appellate court to review the trial court's decision. The appellate court remanded to the trial court with directions to grant the defendants' motions to dismiss pursuant to Supreme Court Rule 187(c)(2), which the Peoria County court did.

The defendants filed an appeal of the Peoria County court dismissal due to language in the order that the defendants contend "created uncertainty regarding the effect of the Illinois judgments on any future lawsuit, such as this one, filed outside the state of Illinois." **See** Filing No. 38, p. 2. Specifically, the Peoria County court dismissal order indicated the dismissal was "pursuant to Supreme Court Rule 187(c)(2)." The Illinois Supreme Court Rule relates to dismissal on the basis of forum non conveniens. The defendants contend that if such language is stricken, they may plead a statute of limitations defense to the plaintiff's claims. While the appeal was pending, the plaintiff filed her claim in Nebraska.

On August 2, 2005, the plaintiff filed her complaint against the defendants in the District Court of Douglas County, Nebraska. **See** Filing No. 1, Exhibit A. On August 31, 2005, The Goodyear Tire & Rubber Company removed the action to the United States District Court for the District of Nebraska. **See** Filing No. 1. On December 12, 2005, the defendants moved to stay these proceedings pending resolution of the Peoria County appeal. However, on December 19, 2005, the Third District Appellate Court of the State of Illinois issued an order affirming the Peoria County judgment. **See** Filing No. 44, Exhibit A. The defendants contend the motion for a stay is not rendered moot by the order because they intend to file a petition

2

for rehearing in the appellate court, and if necessary, a petition for leave to appeal to the Illinois Supreme Court.  **See** Filing No. 47, p. 2.

## DISCUSSION

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. North Am. Co.***, 299 U.S. 248, 254 (1936); **see** ***Lockyer v. Mirant Corp.***, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under ***Landis***."); ***Capitol Indem. Corp. v. Haverfield***, 218 F.3d 872, 874 (8th Cir. 2000).  A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." ***Lockyer v. Mirant Corp.***, 398 F.3d at 1109; ***Jones v. Clinton***, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward.").  Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant.  **See** ***Jones***, 72 F.3d at 1365.

The ***Lockyer*** trial court granted a stay pending the outcome of a defendant's Chapter 11 bankruptcy proceedings in another district based on docket efficiency concerns and based on its belief that the stay was "fair and practical" for the parties.  ***Id***. at 1100, 1105.[1]  However, the Ninth Circuit Court vacated the stay, reasoning a stay was not justified under the facts of the case simply based on a balance of hardships or by the prospect of narrowing the issues before the court because of the relief sought in the case. ***Id***. at 1112.  First, the ***Lockyer*** court determined the defendant failed to demonstrate great hardship in being forced to continue its defense stating, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" ***Id***.  Moreover, the ***Lockyer*** court found the plaintiff's interests

---

[1] The matter came within the "police or regulatory power" exception under 11 U.S.C. § 362(b)(4), and therefore the automatic bankruptcy stay did not apply.  ***Lockyer***, 398 F.3d at 1109.

would be harmed by the stay, as he sought injunctive relief for ongoing economic harm. *Id*. at 1112.

In the instant case, the defendants have failed to show hardship or inequality in being forced to move forward according to schedule. Mere compliance with a discovery schedule or expenditure of resources pursuant to the instant claims is not hardship which would justify a stay of proceedings. In contrast, a "fair possibility" of harm to the plaintiff exists if the stay is granted due to the long delay, since 1997, the case has already endured. Although the moving defendants contend the delay was caused by the plaintiff's filing decisions, the court will not penalize the plaintiff for such filings. Additionally, the moving defendants received an unfavorable decision from the Illinois appellate court and there is no time frame for additional delays caused by further appeals. The court has an interest in securing the just, speedy, and inexpensive determination of every action. **See** Fed. R. Civ. P. 1.

Here, the parties have been involved in this litigation since mid 1997. The Illinois matter has been resolved by the appellate court. The interest of the defendants to reduce the cost of discovery or wait for a particular defense to become ripe is minimal. The moving defendants have failed to show a hardship or inequity by proceeding outweighs the harm to the plaintiff due to a stay. Accordingly, the defendants have failed to show good cause why the progression order deadlines should be amended. Due to the risk of harm to the plaintiff and the lack of reasons compelling the stay, the court denies the motion for a stay. Upon consideration,

**IT IS ORDERED:**

The Titan defendants and Caterpillar, Inc.'s motions to stay (Filing Nos. 38 and 41) are denied.

DATED this 9th day of January, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge
