# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BECKY S. WAKEHOUSE,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:05CV422** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **THE GOODYEAR TIRE & RUBBER CO., CATERPILLAR, INC., TITAN INTERNATIONAL, INC., TITAN WHEEL CORPORATION OF VIRGINIA, TITAN WHEEL CORPORATION a/k/a TITAN MARKETING SERVICES, INC., and TITAN WHEEL CORPORATION OF ILLINOIS,** | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on two motions to compel. First, Caterpillar Inc. filed a motion to compel (Filing No. 63) additional discovery from the plaintiff. Caterpillar attached the discovery at issue to the motion and filed a brief (Filing No. 64) and reply brief (Filing No. 67) in support of the motion. The plaintiff filed a brief (Filing No. 65) and an index of evidence (Filing No. 66) in opposition to Caterpillar's motion.

    Second, the plaintiff filed a motion to compel (Filing No. 69) discovery responses from the defendants Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of Virginia and Titan Wheel Corporation of Illinois (collectively the Titan defendants). The Titan defendants served discovery responses on the same day the plaintiff filed the motion to compel. **See** Filing No. 68 (certificate of service). The Titan defendants filed a response brief arguing the motion was moot and stating the responses were served before the plaintiff's motion was filed. **See** Filing No. 73. The plaintiff filed a reply brief (Filing No. 77). The plaintiff notes the discovery responses were received, but argues the responses are non-responsive and all objections have been waived. The plaintiff's motion to compel initial responses to discovery is denied as moot. Any issues raised by the Titan defendants' discovery responses are distinct from the issue of a failure

to respond, which was raised in the motion. Further, the plaintiff must comply with the federal and local rules of procedure regarding good faith attempts to resolve the parties' new dispute without court involvement. **See** Fed. R. Civ. P. 37; NECivR 7.1(i).

## BACKGROUND

This case arises from the untimely death of Gary Wakehouse who was killed on February 6, 1997, while he was changing a tire on a Caterpillar road grader. **See** Filing No. 1, Exhibit A ¶ 15, 24. While the tire was being installed and mounted, the multi-piece wheel rim separated causing the side-ring to strike Mr. Wakehouse resulting in fatal injuries. ***Id.*** The plaintiff, Mr. Wakehouse's widow, alleges the defendants are liable for the death under theories of strict liability and/or negligence. ***Id.*** Exhibit A. Relevant here, the plaintiff alleges:

> i. It [the rim] was inherently unstable and prone to unintended and unforeseeable separation when pressure was placed upon it; and/or
> ii. It [the rim] was inherently unstable and prone to unintended and unforeseeable separation when the lock ring was installed backwards, and no safeguard was in place to prevent the lock ring from being installed backwards or to prevent the inflation of the tire when the lock ring was installed backwards.

**See** Filing No. 63, Exhibit A response to Interrogatory 4.

On August 15, 1997, the plaintiff file the action in the Circuit Court of St. Clair County, Illinois. After various litigation practice in Illinois, on August 2, 2005, the plaintiff filed her complaint against the defendants in the District Court of Douglas County, Nebraska. **See** Filing No. 1, Exhibit A. On August 31, 2005, the action was removed to the United States District Court for the District of Nebraska. **See** Filing No. 1.

On March 15, 2006, Caterpillar served the plaintiff with its first set of interrogatories. On April 11, 2006, the plaintiff served her responses. **See** Filing No. 57 (Certificate of Service). Caterpillar seeks supplemental responses to Interrogatory Nos. 4, 8 and 9. Similarly, Caterpillar seeks supplemental responses to Interrogatory Nos. 10 and 11, from

a second set of interrogatories, and Request for Admissions Nos. 1-3. The parties attempted to resolve the dispute prior to the issue being raised here.

## DISCUSSION

Caterpillar contends the plaintiff has failed to fully answer the disputed discovery requests. The discovery requests seek information about the plaintiff's allegations. Specifically, for the plaintiff to "[d]escribe in detail each defect existing in each product at the time of the occurrence in question and which you contend caused or contributed to cause decedent's injury." **See** Filing No. 63, Exhibit A, Interrogatory No. 4. The discovery at issue also relates to the alleged failure to warn (Interrogatory No. 8); Caterpillar's alleged negligence (Interrogatory No. 9); and whether the lock ring was installed backwards on the wheel (Interrogatory Nos. 10 and 11). *Id.* Exhibit A and B. Further, Caterpillar served a Request for Admissions which seek admissions that the lock ring was mounted backwards on the wheel at the time of the accident and that the decedent mounted the lock ring backwards. *Id.* Exhibit C. The plaintiff states she cannot admit or deny these requests conclusively, nor can she answer the interrogatories definitively, particularly while discovery is ongoing. Further, the plaintiff states she will rely on her expert witnesses' opinions, which were not due until July 7, 2006, after the motion to compel was filed.

Caterpillar argues it cannot prepare to depose the plaintiff's expert witnesses or to retain its own expert witnesses until it has the information sought. Caterpillar argues the plaintiff should be compelled to fully and completely respond to discovery and to provide a factual basis for her claims. The court does not disagree with Caterpillar, however the plaintiff cannot produce what she does not have. **See** ***Byrd v. Reno***, NO. 96-2375CKK, 1998 WL 429676, *17 (D.D.C. Feb. 12, 1998) (The court cannot compel what the party does not have.); ***Towner v. Med. James, Inc.***, 1995 WL 477700 *1, 5, 7 (D. Kan. Aug. 9, 1995) ("The court cannot compel additional answer, when the answering party has purportedly given all it knows."). The plaintiff's discovery responses do not appear to be an attempt to hide information, but a candid description of her position. The plaintiff is under a continuing duty to provide, and seasonably supplement, her disclosures and discovery responses. **See** Fed. R. Civ. P. 26(e). If it is later shown the plaintiff failed to

comply with the federal rules Caterpillar has alternative remedies.  **See** Fed. R. Civ. P. 37. Similarly, the federal rules and this court's scheduling orders provide ample time for Caterpillar to prepare for trial.  However, Caterpillar may move for additional time, pursuant to the rules provided Caterpillar can show good cause.  **See** Fed. R. Civ. P. 16(b).  Upon consideration,

**IT IS ORDERED:**

1. Caterpillar Inc.'s motion to compel (Filing No. 63) is denied.
2. The plaintiff's motion to compel (Filing No. 69) is denied, as moot.

DATED this 1st day of August, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge