IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BECKY S. WAKEHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV422 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE GOODYEAR TIRE & RUBBER CO., | ) | |
| CATERPILLAR, INC., | ) | |
| TITAN INTERNATIONAL, INC., | ) | |
| TITAN WHEEL CORPORATION | ) | |
| OF VIRGINIA, | ) | |
| TITAN WHEEL CORPORATION a/k/a | ) | |
| TITAN MARKETING SERVICES, INC., | ) | |
| and TITAN WHEEL CORPORATION | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on two motions. First, The Goodyear Tire & Rubber Company (Goodyear) filed a motion for an extension of the deadline to file motions for summary judgment (Filing No. 93). Goodyear seeks an extension until November 13, 2006, to file a motion for summary judgment to complete the depositions of the plaintiff's proposed liability expert witnesses. The plaintiff opposes the motion, contending the defendants have had ample opportunity to prepare and file such motions as evidenced by the other defendants' motions for summary judgment. **See** Filing No. 100. Alternatively, the plaintiff seeks corresponding time to respond to all of the defendants' motions. Goodyear contends it has shown good cause for the extension and no prejudice would result. **See** Filing No. 103. The court finds good cause for the extension as sought by Goodyear. Additionally, the plaintiff shall have an extension of time to respond to the other defendants' motions to summary judgment so that her responses to all motions are due at the same time. All defendants shall have five business days thereafter to file a reply in support of their respective motions for summary judgment.

Second, Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of Virginia and Titan Wheel Corporation of Illinois (collectively the Titan defendants) filed a motion to compel (Filing No. 97). The Titan defendants filed a brief

(Filing No. 98) in support of the motion.  Goodyear filed a motion to compel (Filing No. 99) joining in the Titan defendants' motion.  The defendants seek an order compelling the plaintiff to "produce her designated experts for deposition and to produce documents related to her experts' opinions."  **See** Filing No. 97.  The defendants provide evidence of sending the plaintiff's counsel several letters regarding this evidence.  The plaintiff responded by stating the motion was moot because the plaintiff has now updated her discovery responses and provided dates for her experts' depositions.  **See** Filing No. 105.  Although it appears the motion to compel is moot, the plaintiff shall show cause why sanctions should not be awarded to the moving defendants.

With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure <u>or requested discovery is provided after the motion was filed</u>, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).  The plaintiff's failure to provide the requested discovery required the defendants to file motions to compel.  The court shall, after the plaintiff has a chance to respond, grant the defendants reasonable expenses for filing their motions, unless the plaintiff shows substantial and legal justification for the failure to provide the requested discovery.  **See** Fed. R. Civ. P. 37(a)(4)(A).  Upon consideration,

**IT IS ORDERED:**

1. The Goodyear Tire & Rubber Company's motion for an extension of the deadline to file a motion for summary judgment (Filing No. 93) is granted.  Goodyear shall have to **on or before November 13, 2006**, to file a motion for summary judgment.  The

plaintiff shall have twenty calendar days thereafter to file her response to all of the defendants' pending motions for summary judgment.

      2.      The Titan defendants' motion to compel (Filing No. 97) is denied, as moot.

      3.      Goodyear's motion to compel (Filing No. 99) is denied, as moot.

      4.      The plaintiff shall have to **on or before October 16, 2006**, to show cause why the defendants should not be awarded reasonable costs and attorney's fees incurred in bringing the motions to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

DATED this 2nd day of October, 2006.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge