IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BECKY S. WAKEHOUSE, ) | |
| ) | |
| Plaintiff, ) | 8:05CV422 |
| ) | |
| vs. ) | ORDER |
| ) | |
| THE GOODYEAR TIRE & RUBBER CO., ) | |
| CATERPILLAR, INC., ) | |
| TITAN INTERNATIONAL, INC., ) | |
| TITAN WHEEL CORPORATION ) | |
| OF VIRGINIA, ) | |
| TITAN WHEEL CORPORATION a/k/a ) | |
| TITAN MARKETING SERVICES, INC., ) | |
| and TITAN WHEEL CORPORATION ) | |
| OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's response (Filing No. 114) and index of evidence (Filing No. 115). On October 2, 2006, the court entered an order (Filing No. 106) denying as moot the motions to compel of the defendants Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of Virginia and Titan Wheel Corporation of Illinois (collectively the Titan defendants)(Filing No. 97) and The Goodyear Tire & Rubber Company (Goodyear) (Filing No. 99). The defendants sought an order compelling the plaintiff to "produce her designated experts for deposition and to produce documents related to her experts' opinions." **See** Filing No. 97. The defendants provided evidence of sending the plaintiff's counsel several letters regarding this evidence. The plaintiff responded by stating the motion was moot because the plaintiff has now updated her discovery responses and provided dates for her experts' depositions. **See** Filing No. 105. Although the motions to compel were moot, the court required the plaintiff to show cause why sanctions should not be awarded to the moving defendants. **See** Filing No. 106.

With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure <u>or requested discovery is provided after the motion was filed</u>, the court shall, after affording an opportunity to be heard, require the party or

> deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

The plaintiff's failure to cooperate with discovery required the defendants to file motions to compel. The plaintiff contends that the delay in scheduling expert depositions was due to counsel's "far busier-than-usual travel schedule" and the press of other cases including those outside this state. However, the plaintiff states no discovery was withheld and the deponents were made available well within the available discovery period. No defendant filed a reply to the plaintiff's response.

The court finds that under the circumstances of this case the plaintiff has failed to show substantial or legal justification for the failure to produce documents related to her experts' opinions and cooperate with discovery or that an award of expenses would be unjust. The plaintiff's counsel's conduct required the defendants to file motions to compel causing unnecessary expense, delay, and court intervention. Therefore, under the circumstances, the court will require the plaintiff to pay a reasonable amount of the expense to the defendants for their filing of the motions to compel (Filing No. 97) and (Filing No. 99). Upon consideration,

**IT IS ORDERED:**

1. The defendants are awarded their reasonable costs and attorney's fees in bringing the motions to compel (Filing No. 97) and (Filing No. 99).

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before December 22, 2006,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the defendants may file **on or before December 22, 2006,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR

54.3 and 54.4. The plaintiff shall have **until on or before January 5, 2007,** to respond to the defendants' applications. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

DATED this 21st day of November, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge