IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BECKY S. WAKEHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV422 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE GOODYEAR TIRE & RUBBER CO., | ) | |
| CATERPILLAR, INC., | ) | |
| TITAN INTERNATIONAL, INC., | ) | |
| TITAN WHEEL CORPORATION | ) | |
| OF VIRGINIA, | ) | |
| TITAN WHEEL CORPORATION a/k/a | ) | |
| TITAN MARKETING SERVICES, INC., | ) | |
| and TITAN WHEEL CORPORATION | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Fee Stipulation Pursuant to Order of November 21, 2006 (Filing No. 161) and Application for Attorneys' Fees (Filing No. 164).

On October 2, 2006, the court entered an order (Filing No. 106) denying as moot the motions to compel of the defendants Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of Virginia and Titan Wheel Corporation of Illinois (collectively the Titan defendants) (Filing No. 97) and The Goodyear Tire & Rubber Company (Goodyear) (Filing No. 99). The defendants sought an order compelling the plaintiff to "produce her designated experts for deposition and to produce documents related to her experts' opinions." **See** Filing No. 97. The defendants provided evidence of sending the plaintiff's counsel several letters regarding this evidence. The plaintiff responded by stating the motion was moot because the plaintiff has now updated her discovery responses and provided dates for her experts' depositions. **See** Filing No. 105. Although the motions to compel were moot, the court required the plaintiff to show cause why sanctions should not be awarded to the moving defendants. **See** Filing No. 106.

On November 21, 2006, after the plaintiff had an opportunity to respond, the court granted the defendants their reasonable attorneys' fees associated with the motions to compel. **See** Filing No. 124. The court also gave the parties an opportunity to confer about the amount of fees to be awarded. On December 22, 2006, the Titan defendants filed the

document called Fee Stipulation Pursuant to Order of November 21, 2006. **See** Filing No. 161. In the purported stipulation, counsel for the Titan defendants states the negotiated fees associated with the motion to compel equal $572.50, based on 4.1 hours of work at the rates of $125 and $175. Counsel for the Titan defendants filed an affidavit in support of the requested fee award. The plaintiff's counsel agreed to the proposed fee subject to certain conditions, but did not sign the stipulation as filed by the Titan defendants' counsel. The plaintiff has not since filed any opposition to the Fee Stipulation. The court finds the negotiated fee award to be reasonable.

Also on November 21, 2006, Goodyear filed an application for attorneys' fees seeking $246.00, based on 1.2 hours of work at the rates of $185 and $225 per hour. **See** Filing No. 164. Counsel for Goodyear states in the application he was unsuccessful in reaching counsel for the plaintiff to confer about the amount prior to court's deadline. Counsel for Goodyear filed an affidavit in support of the requested fee award. The plaintiff did not file any objection to Goodyear's application. However, Goodyear's application is based on its review of the motion to compel filed by the Titan defendants and drafting and filing a one-page "joinder" in the motion. Accordingly, the court finds the application amount to be unreasonable. Under the circumstances, the court will award Goodyear $185. Upon consideration,

**IT IS ORDERED:**

1. The Fee Stipulation Pursuant to Order of November 21, 2006 (Filing No. 161) is adopted. The Titan defendants are awarded $572.50 in reasonable fees associated with bringing their motion to compel (Filing No. 97).

2. Goodyear's Application for Attorneys' Fees (Filing No. 164) is granted, in part, and denied, in part. Goodyear is awarded $185.00 in reasonable fees associated with bringing its motion to compel (Filing No. 99).

3. The plaintiff shall pay the defendants the above awards and file a notice of compliance **on or before February 28, 2007**.

DATED this 10th day of January, 2007.

                                                BY THE COURT:

                                                s/Thomas D. Thalken
                                                United States Magistrate Judge