## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BECKY S. WAKEHOUSE,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV422 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **THE GOODYEAR TIRE & RUBBER CO.,** | ) | |
| **CATERPILLAR, INC.,** | ) | |
| **TITAN INTERNATIONAL, INC.,** | ) | |
| **TITAN WHEEL CORPORATION** | ) | |
| **OF VIRGINIA,** | ) | |
| **TITAN WHEEL CORPORATION a/k/a** | ) | |
| **TITAN MARKETING SERVICES, INC.,** | ) | |
| **and TITAN WHEEL CORPORATION** | ) | |
| **OF ILLINOIS,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's motion to compel (Filing No. 140) discovery responses from the defendants Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of Virginia and Titan Wheel Corporation of Illinois (collectively the Titan defendants). The plaintiff filed a brief (Filing No. 141) and an index of evidence (Filing No. 142) in support of the motion. The Titan defendants filed a brief (Filing No. 149), an index of evidence (Filing No. 150) and, later the same day, a supplemental index of evidence (Filing No. 151). The plaintiff then filed a reply brief (Filing No. 162) and an index of evidence (Filing No. 163). Based on the representations of counsel, it appears the parties made good faith attempts to resolve the parties' dispute without court involvement. **See** Fed. R. Civ. P. 37; NECivR 7.1(i).

## BACKGROUND

This case arises from the untimely death of Gary Wakehouse who was killed on February 6, 1997, while he was changing a tire on a Caterpillar road grader. **See** Filing No. 1, Exhibit A ¶ 15, 24. While the tire was being installed and mounted, the multi-piece wheel rim separated causing the side-ring to strike Mr. Wakehouse resulting in fatal

injuries. *Id.* The plaintiff, Mr. Wakehouse's widow, alleges the defendants are liable for the death under theories of strict liability and/or negligence. *Id.* Exhibit A.

On August 15, 1997, the plaintiff filed the action in the Circuit Court of St. Clair County, Illinois. After some legal proceedings in Illinois, on August 2, 2005, the plaintiff filed her complaint against the defendants in the District Court of Douglas County, Nebraska. **See** Filing No. 1, Exhibit A. On August 31, 2005, the action was removed to the United States District Court for the District of Nebraska. **See** Filing No. 1.

## DISCUSSION

On March 2, 2006, the plaintiff served the Titan defendants with Requests for Production of Documents. **See** Filing No. 54 (certificate of service). After failure to receive a timely response, the plaintiff filed a motion to compel on June 29, 2006. **See** Filing No. 69. The motion was denied, as moot, given the Titan defendants served their response on the same day the motion was filed. **See** Filing Nos. 68 and 80. In Request for Production No. 13, the plaintiff seeks:

> Any and all documents or other items of a tangible nature, including information contained in computer files, in any manner recording, containing, memorializing, referencing or otherwise relating to the design, manufacture, distribution, purchase, sale, modification and/or repair of any of the subject products mentioned in Plaintiff's Petition or identified in Plaintiff's Interrogatory #14 [which included the tire rim manufactured by the Titan Defendants].

**See** Filing No. 142, Exhibit E.

Over objections, the Titan defendants responded by stating they would provide responsive documents only if the plaintiff agreed to keep the documents confidential. The plaintiff states counsel agreed to keep the documents confidential, however the Titan defendants have not yet produced responsive documents. **See** Filing No. 142, Exhibits B and C. The plaintiff states she does not object to the confidentiality of the documents identified as responsive to Request for Production No. 13, but not yet produced. In any event, the plaintiff contends the information sought is relevant and necessary to the plaintiff's case. Furthermore, the plaintiff argues the Titan defendants waived their

objections to the Request for Production by failing to timely make the objections. Therefore, the plaintiff requests an order compelling production of documents that they have identified as being responsive to Request for Production No. 13, including but not limited to engineering drawings and specifications for each of the wheel components at issue in this litigation.

The Titan defendants state they have repeatedly attempted to produce the documents pursuant to a draft protective order.  The draft protective was signed by all parties except for the plaintiff by April 4, 2006.  The Titan defendants attached the proposed protective order for the court's review.  **See** Filing No. 150, Exhibit 12.  The draft order reviewed by the parties was a general protective order for many documents related to the case, however the Titan defendants proposed a more narrow protective order addressing only the documents at issue in the plaintiff's motion to compel.  The Titan defendants state there should be no dispute that the subject documents should be considered confidential because they are engineering drawings of the subject wheel components and constitute intellectual property.  The Titan defendants acknowledge the only dispute between the parties is the terms of the protective order.

The plaintiff lodged no objections to the proposed protective order except to state that "a document's confidentiality should be determined by the Court or by agreement of all parties rather than by the party producing it and that the burden of proof with regard to confidentiality should be on the party proposing confidentiality rather than the party opposing it."  **See** Filing No. 162.

Under the circumstances, the plaintiff's motion to compel will be denied because the defendants have not refused to produce requested discovery.  In fact, the evidence before the court shows the Titan defendants have diligently attempted to work with the plaintiff and the other parties to create a suitable protective order for the documents.  Having had an opportunity to present the issues, the court will consider the parties' positions on the issuance of a protective order.

An order protecting disclosure or discovery is granted only upon a showing of good cause.  **See** Fed. R. Civ. P. 26(c).  The party seeking protection of information has the burden to demonstrate good cause for issuance of the order.  ***Miscellaneous Docket***

***Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)); ***Miscellaneous Docket Matter***, 197 F.3d at 926. The parties do not dispute the confidential nature of the documents at issue. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." ***Seattle Times Co. v. Rhinehart***, 467 U.S. 20, 36 (1984); ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 362 (8th Cir. 2003).

While the court is not prepared at this time to enter a general protective order, it is clear the parties have no dispute as to the nature of the documents in this case. After review of the draft protective order submitted by the Titan defendants, the court finds the draft is not inconsistent with Rule 26(c). Further, while the burden of proving the document deserves protection under the rules remains on the party seeking protection, the court amended paragraph 9 to more clearly delineate a procedure for a potential dispute.[1] Accordingly, the court will enter a limited protective order on this date in accordance with this order and Rule 26(c) to allow production of the documents requested by the plaintiff. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's motion to compel (Filing No. 140) is denied.
2. The Titan defendants' request for entry of a protective order is granted. Such order will be filed contemporaneously herewith.

DATED this 2nd day of February, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] The court also deleted the last line of paragraph 7 and paragraph 14 in its entirety as they had no relevance to the parties' current dispute.