## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BECKY S. WAKEHOUSE,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:05CV422** |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE GOODYEAR TIRE & RUBBER CO.,** | ) | |
| **CATERPILLAR, INC.,** | ) | **PROTECTIVE ORDER** |
| **TITAN INTERNATIONAL, INC.,** | ) | |
| **TITAN WHEEL CORPORATION** | ) | |
| **OF VIRGINIA,** | ) | |
| **TITAN WHEEL CORPORATION a/k/a** | ) | |
| **TITAN MARKETING SERVICES, INC.,** | ) | |
| **and TITAN WHEEL CORPORATION** | ) | |
| **OF ILLINOIS,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the request of the defendants Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of Virginia and Titan Wheel Corporation of Illinois for a Protective Order to provide protection for documents identified as being responsive to the plaintiff's Request for Production No. 13, including but not limited to engineering drawings and specifications for each of the wheel components at issue in this litigation. The court being fully advised in the premises, finds that these materials should be protected and this order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action.

**IT IS THEREFORE ORDERED:**

1. This Protective Order shall govern the documents identified as being responsive to the plaintiff's Request for Production No. 13, including but not limited to engineering drawings and specifications for each of the wheel components at issue in this litigation. It shall also govern all information derived therefrom, and all copies, excerpts, or summaries thereof.

2. The confidential material shall be used solely for the purpose of this litigation and not for any other litigation or other purposes.

3. The confidential material shall not be disclosed to any person, corporation, partnership, association, or other legal entity whatsoever except as specifically ordered by the Court in this Order or any subsequent amendment to this Order.

4. No person, other than the parties, the Court, counsel of record, and their staff shall be allowed to examine, study, or see any of the confidential material until each such person has complied with the provisions of paragraph 5 of this Order.

5. Other than those persons specifically identified in paragraph 4 of this Order, the only persons who maybe provided access to the confidential material are expert witnesses and consultants of the parties in connection with this litigation. Prior to providing access to the confidential material to any such persons, the attorney intending to provide access shall:

    A. Provide the individual with a copy of this Order;

    B. Require each individual who is to receive access to the confidential material to sign a copy of this Order evidencing the fact that the individual has read and understands the Order and, by signing a copy thereof, subjects himself or herself to the jurisdiction of this court for the purposes of enforcing this Order.

    C. Require each individual to whom confidential material is disclosed to execute a "Non-Disclosure Agreement," a form for which is attached hereto as <u>Exhibit A</u>. With respect to any nontestifying consulting expert who signs the Non-Disclosure Agreement and who is to be provided with copies of confidential material pursuant to this Order, the party or counsel retaining such nontestifying consulting expert shall maintain the original of the Non-Disclosure Agreement signed by such expert until the conclusion of the litigation as to that party, at which time all such signed originals shall be provided to the party who designated the material as confidential. Copies of the Non-Disclosure Agreement signed by all other individuals shall be provided, at the time of such individual's receipt of confidential material, to counsel for the party who designated the material as confidential.

    D. Notwithstanding the provisions of subsections (a), (b) and (c), above, if confidential material is to be disclosed to a witness in the course of a deposition taken in this matter, the witness shall first be provided

with a copy of this Order and shall agree, on the record, to be bound by its terms and conditions. If the witness agrees on the record to be bound by the terms and conditions of this Order, he or she need not execute a copy of this order nor execute a "Non-Disclosure Agreement." But, in any event, the witness shall not retain possession of any confidential material after the deposition his concluded.

6. Prior to production for inspection and copying, the producing party shall mark each document which it desires to be afforded protection under this order. All documents and each page thereof shall be numbered. The document shall also contain the separate marking of "confidential" or another comparable marking clearly designating the document as subject to this Order. Each copy of this material shall retain the producing party's confidential marking. This material shall be copied only by attorneys working in this case or by their employees or persons employed to assist attorneys on a full time basis, working under the direct supervision of the attorneys, and who are subject to this Order by virtue of compliance with paragraph 5. Distribution and copying shall be kept to an absolute minimum. The control, distribution, and retrieval of such copies shall be the responsibility of the attorneys to whom production is made.

7. At such time as it appears that any testimony given in this matter is subject to this Order, counsel for the deponent, witness, or any other party shall communicate same to all counsel of record in order that such steps may be taken to comply with this Order.

8. This Order shall not limit or affect any existing right of a producing party to disclose discovery materials produced by that party or otherwise to remove material from "confidential" status.

9. The designation of "confidential" by the producing party shall or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such. This Protective Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is or is not confidential or whether its use should or should not be restricted, or (b) to present a motion to the Court for a separate protective order as to any particular

document or information, including restrictions differing from those as specified herein. If any party to the action disagrees at any stage of the proceedings with a confidentiality designation, the parties shall first attempt to resolve any such dispute in good faith on an informal basis:

    A.    The party challenging the designation shall provide to the producing party written notice of the disagreement, specifically identifying the "confidential" document in dispute and articulating the challenging party's basis for its challenge of the confidentiality designation.

    B.    The producing party shall respond in writing to the challenging party's notice within ten (10) days, articulating the basis for the producing party's designation with sufficient particularity to enable the challenging party to move the Court for permission to disclose the "confidential" document.

    C.    If the dispute cannot be resolved between the parties without intervention from the Court, the party challenging the confidentiality designation may move the Court requesting appropriate relief.

However, no information shall be disclosed to a person not authorized to receive it until the parties shall have first so agreed in writing, or the Court shall have so ruled. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

    10.    The inadvertent waiver of the trade-secret or other privilege by a Defendant as to any document or confidential material shall not constitute or be construed as a waiver of the trade-secret privilege as to any other document or item of confidential material.

    11.    If any party seeks to file confidential material with the Court, that party shall seek to do so under seal, or otherwise redact all confidential information contained therein, prior to filing. If any party is unable or unwilling to seal or redact restricted information sought to be filed with the Court, before filing such information, that party shall provide seven-days written notice of its intent to file such information to the attorney of record for the entity that produced the information (whether or not that entity is still a party to this litigation).

12. During the course of discovery, production of material to be treated as confidential pursuant to this Order shall in no way constitute a waiver of any objection to the production or a waiver of any other rights with respect thereto. All such objections and/or rights are hereby reserved unless and until specifically resolved by this Court.

13. Nothing in this Order shall be deemed to limit or waive any right of any party to resist or compel discovery with respect to discovery materials which may be claimed to be confidential, privileged, work product, proprietary, trade secret or otherwise protected. Nothing contained in this Order shall be deemed to preclude any party at any time from seeking an obtaining from the Court, on appropriate showing, additional protection pursuant to the Federal Rules of Civil Procedure, including an order that material should not be produced at all.

14. Intentionally left blank.

15. All material produced pursuant to this Order, copies of such material, summaries, excerpts, all notes arising from the examination of such material or use of such material at trial, shall be returned to counsel representing the producing party within 30 days following the conclusion of the final proceedings in this action. Additionally, within 60 days following the conclusion of the final proceedings in this action, the parties producing any confidential information may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within that time period. Any documents that are not so withdrawn will become part of the public case file.

16. No person who examines any of the material produced pursuant to this Order shall disseminate orally, in writing, or by any other means any information whatsoever contained therein to any person not also authorized to examine materials under the terms of this Order.

17. Any disputes concerning the application of any provisions of this Order shall be heard by the Court upon written application by the aggrieved party.

18. This Order is without prejudice to reconsideration by the Court upon written application by any party during the pendency of these proceedings.

19. This Order shall also apply to all material in the hands of third parties as to which material the claim of privilege, confidentiality, or trade secret has not been waived

by the party making the claim. If any such material is sought to be produced at depositions, at trial, or at any other time during these proceedings, the party asserting the protection of this Order shall do it in a timely manner. The material shall then become subject to this Order. Any party to this case may, however, object to any third party production by written notice to the Court pursuant to the terms of this Order.

20.    This Order shall apply and be in effect during the conduct of any hearings, trials, or appeals arising from or related to this case.

DATED this 2nd day of February, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

**EXHIBIT A TO PROTECTIVE ORDER**

**NON-DISCLOSURE AGREEMENT**

   I have read and understand the Protective Order entered on February 2, 2007, in *Becky S. Wakehouse v. The Goodyear Tire & Rubber Company, et al.*, Case No. 05CV422, U.S. District Court for the District of Nebraska.  I agree to be bound by its terms and by the jurisdiction of this Court for enforcement of the Protective Order.


Dated: _____          _____
                           Signature


                      _____
                           Printed Name