## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BECKY S. WAKEHOUSE, | ) | |
| | ) | **8:05CV422** |
| Plaintiff, | ) | |
| | ) | **AMENDED ORDER** |
| v. | ) | **SETTING FINAL SCHEDULE** |
| | ) | **FOR PROGRESSION OF CASE** |
| GOODYEAR TIRE & RUBBER CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court pursuant to Chief Judge Joseph F. Bataillion's February 8, 2007 order (Filing No. 194) directing the undersigned to amend the order of progression and on the plaintiff's motion to continue trial (Filing No. 196). The court held a telephone conference with counsel on February 12, 2007. Representing the plaintiff was Paul A. Burnett. Representing defendant Goodyear Tire & Rubber Company was David L. Heinemann. Representing defendant Caterpillar, Inc. (Caterpillar), was Steven P. Sanders. Representing the defendants Titan International, Titan Wheel Corporation of Virginia, Titan Wheel, and Titan Wheel Corporation of Illinois (Titan defendants) were Brett K. Gorman and J. Scott Paul. Defendants Goodyear and Caterpillar opposed plaintiff's motion to continue (Filing Nos. 198 and 199).

    **IT IS ORDERED:**

    Upon consideration, the plaintiff's motion (Filing No. 196) will be granted and defendant Goodyear's and defendant Caterpillar's objections (Filing Nos. 198 and 199) are overruled to the extent set forth below. However, discovery in this matter is complete except as permitted by Chief Judge Bataillon's order of February 8, 2007 (Filing No. 194) and as will be necessitated by any of the court's rulings on pending motions to compel or to amend the pleadings now before the court. The rulings on such motions will delineate any further discovery that will be permitted.

**IT IS FURTHER ORDERED:**

1.      **The Final Pretrial Conference** with the undersigned magistrate judge is set for **September 21, 2007 at 10:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[1] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

2.      **Trial** is set to commence, at the court's call, during the week of **October 22, 2007**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillion and a jury. Unless otherwise ordered, jury selection shall be at the commencement of trial.

3.      **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

      a.      **Witnesses - On or before July 13, 2007:** The name, address and telephone number[2] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

---

[1] Except as noted above in Paragraph 4(b). Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties

**b.      Trial Exhibits - On or before September 5, 2007:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**c.      Waiver of Objections** - Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, <u>including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial</u> shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

4.      **Motions in Limine.**  Any motions *in limine* shall be filed **on or before September 14, 2007**.

5.      **Motions to alter dates**.  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 12th day of February, 2007.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge