## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BECKY S. WAKEHOUSE,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV422 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **THE GOODYEAR TIRE & RUBBER CO., CATERPILLAR, INC., TITAN INTERNATIONAL, INC., TITAN WHEEL CORPORATION OF VIRGINIA, TITAN WHEEL CORPORATION a/k/a TITAN MARKETING SERVICES, INC., and TITAN WHEEL CORPORATION OF ILLINOIS,** | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Alter Dates to File Amended Complaint (Filing No. 173). The plaintiff filed an index of evidence (Filing No. 174) in support of the motion. The defendants filed a joint brief (Filing No. 202) in opposition to the plaintiff's motion. Finally, the plaintiff filed a brief (Filing No. 209) and an index of evidence (Filing No. 210) in reply. For the reasons stated below, the court finds the plaintiff's motion to amend should be denied.

## BACKGROUND

This case arises from the untimely death of Gary Wakehouse who was killed on February 6, 1997, while he was changing a tire on a Caterpillar road grader. **See** Filing No. 1, Exhibit A ¶ 15, 24. While the tire was being installed and mounted, the multi-piece wheel rim separated causing the side-ring to strike Mr. Wakehouse resulting in fatal injuries. *Id.* The plaintiff, Mr. Wakehouse's widow, alleges the defendants are liable for the death under theories of strict liability and/or negligence. *Id.* Exhibit A.

On August 15, 1997, the plaintiff file the action in the Circuit Court of St. Clair County, Illinois. After some legal proceedings in Illinois, on August 2, 2005, the plaintiff filed her complaint against the defendants in the District Court of Douglas County,

Nebraska.  **See** Filing No. 1, Exhibit A.  On August 31, 2005, the action was removed to the United States District Court for the District of Nebraska.  **See** Filing No. 1.

The deadline to amend pleadings was January 12, 2006.  **See** Filing No. 36.  The deadline for discovery lapsed on January 14, 2007.  **See** Filing No. 60.  Trial has since been rescheduled to October 2007, to allow for final briefing and the resolution of pending motions for summary judgment.  **See** Filing No. 200.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires."  "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (internal citation omitted).  There is no absolute right to amend. *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005).  Whether to grant a motion for leave to amend is within the sound discretion of the district court.  *Gamma-10 Plastics, Inc. v. Am. President Lines,* 32 F.3d 1244, 1255 (8th Cir. 1994).

The court recognizes the plaintiff's motion to amend is untimely pursuant to the progression order.  "[W]here a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate 'good cause' under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)."  *Anderson v. Board of School Com'rs of Mobile County, Ala.*, 78 F. Supp. 2d 1266, 1268-69 (S.D. Ala. 1999) (**citing** *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *In re Milk Products Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999) (**quoting** *Sosa*, 133 F.3d at 1419).  "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'"  *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).

2

Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." **Financial Holding Corp. v. Garnac Grain Co.**, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

Similarly, under Rule 6(b): "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b) (emphasis added). "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'" **In re Harlow Fay, Inc.**, 993 F.2d 1351, 1352 (8th Cir. 1993) (**quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.**, 507 U.S. 380, 395 (1993)); **see Kaubisch v. Weber**, 408 F.3d 540, 543 (8th Cir. 2005) (the misapplication or misreading of the plain language of [the federal rules] does not establish excusable neglect). The relevant circumstances include: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." **Pioneer**, 507 U.S. at 395.

There is no absolute right to amend. **Doe v. Cassel**, 403 F.3d 986, 990 (8th Cir. 2005). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **Gamma-10 Plastics**, 32 F.3d at 1255. Further, the federal rules rules must be read in a manner to achieve the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

At the time the plaintiff filed the motion to amend, on January 30, 2007, trial was scheduled to begin on March 26, 2007. The plaintiff seeks to add claims for the defendants' violations of provisions of the Uniform Commercial Code (UCC) based on the facts at issue in this case. The plaintiff states such claims were part of the complaint filed in two of the underlying lawsuits in Illinois. The plaintiff states the reason for the failure to include the claims in the Nebraska lawsuit is unknown. The plaintiff asserts the attorney who had primary responsible for the matter is no longer with the firm and cannot be contacted. The plaintiff argues the defendants will not be prejudiced or surprised by the additional claims because they had knowledge of such claims in the earlier lawsuits.

Further, the plaintiff states discovery conducted to date demonstrates the alleged UCC violations.

The defendants argue the plaintiff's motion is untimely without justification, an improper attempt to continue discovery, and granting the motion would unfairly prejudice them. The defendants contend allowing the amendment would likely result in the need for additional discovery, expert witness opinions, additional dispositive motions. Therefore, the defendants would be prejudiced by additional delays in resolving this matter.

In reply, the plaintiff contends she could not have alleged the UCC violations before the deadline to amend pleadings because the claims are based on discovery received after the January 2006 deadline. The plaintiff argues there is now plenty of time for additional discovery due to the recent continuance of trial. The plaintiffs state the defendants will not suffer prejudice due to delay because it was the defendants' procedural maneuvering which caused the now ten-year delay for resolution of this case. Additionally, the plaintiff alleges absent granting the motion, she would be prejudiced "because she possibly would be barred from pursuing a potential claim for recovery against the defendants in this action." **See** Filing No. 209, p. 3. Finally, the plaintiff argues the claims are not frivolous and additional discovery may bear out the factual basis for the claims.

The plaintiff fails to provide an adequate showing of good cause or excusable neglect to allow the amendment at this late date. The plaintiff's current arguments are inconsistent (either the facts exist now or may exist later and the plaintiff filed the claims in 1997 and 2002 lawsuits, but did not become aware of them until after January 2006). The plaintiff further fails to explain when the relevant "recent" discovery was received or what caused a delay between such receipt and filing the instant motion. The court finds the plaintiff's motion to amend is untimely under the progression of this case and allowing the amendment at this time would unduly prejudice the defendants. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Alter Dates to File Amended Complaint (Filing No. 173) is denied.

DATED this 22nd day of March, 2007.

                              BY THE COURT:
                              s/ Thomas D. Thalken
                              United States Magistrate Judge