IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BECKY S. WAKEHOUSE, Personal Representative of, the Widow and next of kin of Decedent and Administratrix of the estate of,<br><br>             Plaintiff,<br><br>     v.<br><br>GOODYEAR TIRE & RUBBER COMPANY, a corporation, CATERPILLAR, Inc, a corporation, TITAN INTERNATIONAL, a corporation, TITAN WHEEL CORPORATION OF VIRGINIA, a corporation, TITAN WHEEL, Corporation, a corporation, and TITAN WHEEL CORPORATION OF ILLINOIS, a corporation,<br><br>             Defendants. | 8:05CV422<br><br>MEMORANDUM AND ORDER |

This matter is before the court on several related motions: (1) motions in limine filed by defendants Titan Marketing Services, Inc., Titan International, Inc., Titan Wheel Corporation of America, and Titan Wheel Corporation of Illinois, (hereinafter, collectively, "Titan"), Filing No. 125, Caterpillar, Inc., Filing Nos. 128 & 131, and Goodyear Tire & Rubber Co., Filing No. 136; (2) plaintiff's motion to supplement her expert's report, Filing No. 221; (3) plaintiff's appeal, Filing No. 225, of the magistrate's order denying leave to amend her complaint, Filing No. 216; and motions for summary judgment filed by defendants Caterpillar, Inc. ("Caterpillar"), Filing No. 86, Titan Marketing Services, Inc. Titian International, Inc., Titan Wheel Corporation of America, and Titan Wheel Corporation of Illinois, (hereinafter, collectively, "Titan"), Filing No. 94.

This is a products liability wrongful death action. Plaintiff seeks damages under theories of strict liability in tort and negligence for the death of her husband, Gary Wakehouse, who was killed on February 6, 1997, while changing a tire on a road grader. *See* Filing No. 1, Petition. Defendant Titan manufactures multi-piece wheel components for various types of construction equipment. Defendant Caterpillar is the manufacturer of the road grader and defendant Goodyear is the manufacturer of the tire at issue. Plaintiff alleges that while the tire was being installed and mounted, the multi-piece wheel rim separated causing the side-ring to strike Mr. Wakehouse resulting in fatal injuries. *Id.* She premises liability on negligence and defective design and manufacture of defendants' products and in defendants' failure to warn of their products' hazards.

### 1. Motions in Limine

Defendants seek the exclusion of the expert testimony of Fred Semke and O.J. Hahn, under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993). Defendants contend that the testimony of these two expert witnesses is unreliable and inadmissible under *Daubert.*

Plaintiff's proposed experts are both mechanical engineers. The record shows that Ottfried J. Hahn, Ph.D. has a B.S. in Engineering Physics, an M.S. in Nuclear Engineering, an M.A. in Mechanical Engineering, and a Ph.D. in Mechanical Engineering from Princeton University, and has taught engineering at the graduate level for decades. *See* Filing No. 153, Ex. B, Hahn Expert Report and Curriculum Vitae ("Hahn Rep't") at 7-19. Dr. Hahn is a member of multiple professional societies, the recipient of several awards and honors, and has published or submitted numerous professional journal articles on various engineering topics, including tire rim safety. *Id.* Dr. Hahn has been involved in tire-rim

cases for thirty-nine years and has examined numerous tire rims similar to the one at issue in this case. *See* Filing No. 154, Ex. D, Deposition of Dr. O. J. Hahn dated Oct. 6, 2006, ("Hahn Dep.") at 23. Dr. Hahn will testify with respect to negligent or defective design, guarding, warnings, instructions, and training in connection with the products at issue. *See* Filing No. 153, Hahn Rep't at 5.

Fred Semke has a B.S. in Mechanical Engineering and an M.S. in Engineering Mechanics from the University of Missouri. *See* Filing No. 153, Ex. C, Expert Report and Professional Resume ("Semke Rep't") at 16-19. He is employed as the Principal Engineer— Mechanical with Semke Consulting, Inc., is affiliated with several professional organizations and is registered as a professional engineer in eight states. *See id.* He will testify regarding the rim design and will offer an opinion on the cause of the rim separation. *Id.* at 7. Both engineers have performed some testing on the rim. *See* Filing No. 154, Ex. D, Hahn Dep. at 13; Filing No. 153, Semke Rep't at 4. The theories, techniques, and methodology on which both experts rely are general principles and tenets of mechanical engineering that are generally accepted in their field. *See* Filing No. 159, Ex. G, Affidavit of Fred Semke ("Semke Aff.") at 2-3; Filing No. 157, Affidavit of Ottfried J. Hahn ("Hahn Aff.") at 2-3; Filing No. 153, Hahn Dep. at 79. The experts' criticism of Caterpillar's road grader generally relates to the failure-to-warn claim. *See* Filing No. 154, Hahn Dep. at 24; Filing No. 130, Ex. A, Deposition of Fred Semke ("Semke Dep.") at 85-87.

Rule 702 permits expert opinion testimony only if it is "the product of reliable principles and methods" and "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592;

*United States v. Kehoe,* 310 F.3d 579, 593 (8th Cir. 2002) (stating that the burden is on the party offering the expert testimony to prove that it is reliable).

Proposed expert testimony must meet three prerequisites in order to be admitted under Rule 702: first, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact; second, the proposed witness must be qualified to assist the finder of fact; and third, the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (8th Cir. 2003).

District courts must ensure that all scientific testimony is both reliable and relevant. *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 757 (8th Cir. 2006). The "inquiry as to the reliability and relevance of the testimony is a flexible one designed to 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Id.* (*quoting Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152(1999)). Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case. *Id.*

To satisfy the reliability requirement, the proponent of the expert testimony must show that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid. *Id.* at 757-58. To show that the expert testimony is relevant, the proponent must show that the reasoning or methodology in question is applied properly to the facts in issue. *Id.* at 758. Courts should resolve doubts regarding

4

the usefulness of an expert's testimony in favor of admissibility. *Id.* However, "a court should not admit opinion evidence that 'is connected to existing data only by the *ipse dixit* of the expert.'" *Id.* (*quoting Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)). When the analytical gap between the data and proffered opinion is too great, the opinion must be excluded. *Id.*

The "evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands." *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005). There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant. *Id.* The question is whether the expert's opinion is sufficiently grounded to be helpful to the jury. *Id.* at 1012. "[N]othing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'" *Kudabeck,* 338 F.3d at 861(*quoting Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)).

The court may consider several factors in determining the soundness of the scientific methodology including: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique; and (4) whether the theory or technique used has been generally accepted in the relevant scientific community. *Daubert,* 509 U.S. at 593-594; *see also Kumho Tire,* 526 U.S. at 149-50 (applying *Daubert* to an engineering expert's testimony). District courts apply a number of nonexclusive factors in performing the *Daubert* inquiry, including "whether the expertise was developed for litigation or

5

naturally flowed from the expert's research;" whether the expert ruled out other alternative explanations; and whether the expert sufficiently connected the proposed testimony with the facts of the case. *Lauzon*, 270 F.3d at 686-87.

Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996); *United States v. Dico, Inc.,* 266 F.3d 864, 871 (8th Cir. 2001)(holding that the sufficiency of the factual basis of an expert's theory is open to any challenge on cross-examination, but sufficiency is not a reason to exclude the expert's testimony altogether).

At this time, it appears that plaintiff's *Daubert* objections go more to the weight than to the admissibility of the experts' testimony, subject to a proper showing of foundation and reliability. *See, e.g., Kudabeck*, 338 F.3d at 862-63 (admitting testimony of a chiropractor). Plaintiff has shown that the experts can offer testimony, within their field of expertise, that could be helpful to the jury. "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* at 862 (*quoting Daubert*, 509 U.S. at 596). The record shows that the experts are qualified to testify to the opinions contained in their reports and those opinions satisfy *Daubert's* reliability requirements. The sufficiency of the opinions and the weight to be accorded them are matters for the jury to determine. The court will properly limit the experts' testimony to matters that would be

6

helpful to the jury and are within the experts' area of expertise. Accordingly, the court finds defendants' *Daubert* motions in limine should be denied.

### 2. Motion to Supplement Expert Report

Plaintiff seeks leave to supplement the expert report of Dr. O.J. Hahn. Defendant Caterpillar opposes the motion. Filing No. 228.

In several previous orders, the court allowed enlargements of time for expert discovery and disclosure. *See* Filing Nos. 60, 120, 148, 194 & 200. This litigation has been marked by discovery disputes attributable to the conduct on both sides. *See, e.g.,* Filing Nos. 61, 99, 105, & 175. Because of the numerous extensions, defendants' experts were deposed only recently. In addition, defendant Titan has only recently responded to certain discovery requests, subject to a protective order. *See* Filing Nos. 186 & 187. The denial of plaintiff's motion to compel was recently appealed and is not yet ripe for decision. *See* Filing Nos. 217 & 236. The denial of plaintiff's motion for leave to file an amended complaint is presently before the court on appeal. *See* Filing Nos. 216 & 225. In addition, the court has recently granted an extension of time for defendant Goodyear to reply to plaintiff's brief in opposition to its motion for summary judgment. Filing No. 232.

In its earlier orders, the court anticipated the necessity of rebutting expert testimony. *See* Filing Nos. 194, 200. Moreover, the Federal Rules of Civil Procedure require parties to "supply and supplement answers to interrogatories regarding the names of expert witnesses they expect to call, and the basis for, and substance of, the expert testimony." *Derby v. Godfather's Pizza, Inc.,* 45 F.3d 1212, 1215 (8th Cir. 1995). The evidence shows that the testimony and report of plaintiff's expert, Dr. O.J. Hahn, was preliminary and was conditioned on his review of engineering drawings recently produced by Titan. *See* Filing

No. 234, Ex. A at 4. Titan should have anticipated such supplementation in response to its production of design drawings. Also, it appears that Titan's expert, David Kuhl, also testified in deposition to opinions not disclosed in his earlier report, subject to plaintiff's objection and her reservation of rights to reexamine the witness. Filing No. 234, Ex. D, Excerpted Deposition of David Kuhl at 3-4.

In view of the fact that trial is now scheduled for October 22, 2007, it appears the defendants will not be prejudiced by the supplemental report, provided the plaintiff will make its witness available for deposition with respect to any new material in the supplemental report within 30 days of the date of this order. An expedited schedule for the completion of any remaining discovery will be established by the court and no further extensions of the trial date will be granted.

### 3. Appeal of Magistrate's Order

Plaintiff sought leave to amend her complaint to assert breach of warranty claims under the Uniform Commercial Code ("UCC"). *See* Filing No. 173. The magistrate found plaintiff failed to provide an adequate showing of good cause or excusable neglect to allow the amendment, that plaintiff's arguments were inconsistent, and that allowing the amendment would unduly prejudice the defendants. Filing No. 216, Order at 6. On appeal, plaintiff contends that her breach of warranty claims are premised on materials produced only recently by the Titan defendants and on information gleaned in the deposition of defendant Caterpillar's expert witness, William Busbey, on December 12, 2006.

On review of a decision of the magistrate on a pretrial matter, the district court may set aside any part of the magistrate's order that it finds is clearly erroneous or contrary to

law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995) (noting "a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes").

Fed. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  Generally, it is not an abuse of discretion to deny leave to amend when granting leave would result in the need for additional discovery.  *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000).  The movant must provide a valid basis for the belated motion.  *See Thompson-El v. Jones,* 876 F.2d 66, 67-68 (8th Cir. 1989); *Mills v. Des Arc Convalescent Home,* 872 F.2d 823, 825-26 (8th Cir. 1989).

Although plaintiff contends that newly discovered evidence alerted her to this claim, the court finds that information and evidence relating to warranty claims was or should have been known to the plaintiff from early in the litigation.  This action was first filed in Illinois in 1997.  The plaintiff has not shown a valid basis for the filing of a motion to amend at this late stage of the proceedings.  The court agrees with the magistrate's conclusion that reopening the pleadings could lead to additional discovery and would be prejudicial to the defendants.

Denial of the motion will not unduly prejudice the plaintiff because her breach of implied warranty claims, which are factually identical to defective-design and failure-to-warn claims, can be submitted to the trier of fact under strict liability theory. *Freeman v. Hoffman-LaRoche, Inc.,* 618 N.W.2d 827, 843 (Neb. 2000) (adopting the approach of the Restatement (Third) of Torts, which merges warranty liability theories of recovery with design and warning defect theories).  With respect to the claim of breach of express warranty, the plaintiff has not shown that any affirmation of promise formed the

9

basis of the bargain for the purchase of the product at issue. *Id.* (stating that express warranties rest on "dickered" aspects of the individual bargain). The court finds no clear error by the magistrate, nor is the magistrate's finding contrary to law. Accordingly, the court finds the order of the magistrate should be affirmed.

### 4. Motions for Summary Judgment

Plaintiff alleges that while the tire was being installed and mounted, the multi-piece wheel rim separated, causing fatal injuries to plaintiff's decedent. Filing no. 1, Ex. A, Petition. Plaintiff seeks recovery under negligence and/or strict liability in tort. *Id.* In answer to Interrogatories, plaintiff premises liability on the following specific allegations:

> i. It [the rim] was inherently unstable and prone to unintended and unforeseeable separation when pressure was placed upon it; and/or
>
> ii. It [the rim] was inherently unstable and prone to unintended and unforeseeable separation when the lock ring was installed backwards, and no safeguard was in place to prevent the lock ring from being installed backwards or to prevent the inflation of the tire when the lock ring was installed backwards.

Filing No. 63, Ex. A. Plaintiff additionally alleges that each defendant is liable under both theories for failure to warn *Id.*

Defendants Titan and Caterpillar move for summary judgment on plaintiff's strict liability and negligence claims asserting that plaintiff has offered no evidence that the locking ring at issue in this case was placed in a backwards position on the wheel, as alleged. Caterpillar also asserts that uncontroverted evidence shows that the decedent suffered no conscious pain, precluding recovery of damages by his estate for pain and suffering.

The record shows that plaintiff's experts will testify that the tire rim assembly at issue was defective and unreasonably dangerous. *See* Filing No. 153, Semke Rep't; Hahn Rep't; Filing No. 159, Semke Aff. Plaintiff's experts will also testify that the multi-piece rim assembly was defective in that it lacked adequate instructions and warnings. *See* Filing No. 130, Ex. A, Deposition of Fred Semke ("Semke Dep.") at 86. The experts' conclusion that warnings were inadequate relate to all three defendants' products. *See* Filing No. 153, Hahn Rep't at 7; Filing No. 229, Ex. 2, Excerpted Hahn Dep. at 8-9; Semke Dep. at 86.

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). The burden of establishing the non-existence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If a defendant meets this initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

In order to establish a claim for negligence, plaintiff must show that products were manufactured, sold and distributed by the defendants; that the defendants failed to use reasonable care to see that the product was safe for the use for which it was made; and

that the failure to use such reasonable care was the proximate cause of a plaintiff's injuries. *Morris v. Chrysler Corp.*, 303 N.W.2d 500, 503 (Neb. 1981). Under Nebraska law, "in a products liability case based on negligence and the duty to warn, a 'manufacturer or other seller is subject to liability for failing either to warn or adequately to warn about a risk or hazard inherent in the way a product is designed that is related to the intended uses as well as the reasonably foreseeable uses that may be made of the products it sells.'" *Krajewski v. Enderes Tool Co., Inc.,* 469 F.3d 705, 708 (8th Cir. 2006) (*quoting Freeman v. Hoffman-LaRoche, Inc.,* 618 N.W.2d 827, 841 (Neb. 2000) (internal quotations omitted)). The question is whether a manufacturer's conduct is reasonable in view of the foreseeable risk of injury. *Id.*

     To recover under a theory of strict liability, the plaintiff must prove that (1) the defendant placed the product on the market for use and knew, or in the exercise of reasonable care should have known, that the product would be used without inspection for defects; (2) the product was in a defective condition when it was placed on the market and left the defendant's possession; (3) the defect is the proximate or a proximately contributing cause of the plaintiff's injury sustained while the product was being used in a way and for the general purpose for which it was designed and intended; (4) the defect, if existent, rendered the product unreasonably dangerous and unsafe for its intended use; and (5) the plaintiff's damages were a direct and proximate result of the alleged defect. *Id.* "'Unreasonably dangerous' means that a product 'has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer who purchases it, with the ordinary knowledge common to the foreseeable class of users as to its characteristics.'" *Id.* at 708-09 (*quoting Rahmig v. Mosley Mach. Co., Inc.,* 412 N.W.2d

56, 69 (Neb. 1987)). Also, a product may be defective and unreasonably dangerous because the product was sold without sufficient warnings or instructions. *Haag v. Bongers,* 589 N.W.2d 318, 329 (Neb. 1999); *see also Peitzmeier v. Hennessy Indus., Inc.,* 97 F.3d 293, 299 (8th Cir. 1996) (noting that "although a product may be free from manufacturing or design defects, it nonetheless may be defective if the manufacturer fails to warn or inadequately warns users about dangers inherent in the use of the product that the manufacturer knows exist and about which the user is likely to be unaware").

Whether the defendants' products were in a defective condition that is unreasonably dangerous is generally a question of fact. *See,* e.g., *Haag v. Bongers*, 589 N.W.2d 318 (Neb. 1999). Under Nebraska law, a decedent's estate may recover decedent's conscious physical and mental pain and suffering as an element of damages. *See Brandon v. County of Richardson,* 566 N.W.2d, 780 (Neb. 1997).

The court has reviewed the evidence submitted in support of and in opposition to the motions for summary judgment. The court finds there are genuine issues of material fact with respect to negligence, design defect, failure to warn, causation, and damages. Caterpillar and Titan have not shown they are entitled to judgment as a matter of law on liability. Although the evidence establishes that the decedent's death occurred shortly, if not instantaneously, after the accident at issue, there is evidence from which a jury could reasonably conclude that he experienced some momentary conscious pain and suffering. Accordingly, the court finds that defendants' motions for summary judgment should be denied.

A motion for summary judgment filed by defendant Goodyear Tire Company (Filing No. 121) and plaintiff's appeal of the magistrate's denial of its motion to compel remain

pending for resolution (Filing No. 235). Except as permitted in this order and as necessitated by the court's rulings on pending motions, discovery in this matter is complete. Accordingly,

IT IS HEREBY ORDERED:

1. Defendant Titan's motion in limine (Filing No. 125) is denied;

2. Defendant Caterpillar's motions in limine (Filing Nos. 128 & 131) are denied;

3. Defendant Goodyear's motion in limine (Filing No. 136) is denied.

4. Plaintiff's motion to supplement (Filing No. 221) is granted;

5. The parties shall make their expert witnesses available for deposition with respect to any opinions disclosed subsequent to expert reports within 30 days of the date of this order; if further depositions are necessary to refute that evidence, such depositions shall be scheduled within 30 days thereafter;

6. The order of the magistrate (Filing No. 216) denying leave to amend is affirmed;

7. Plaintiff's appeal (Filing No. 225) is dismissed;

8. Defendant Caterpillar's motion for summary judgment (Filing No. 86) is denied; and

9. Defendant Titan's motion for summary judgment (Filing No. 94) is denied.

DATED this 7th day of May, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge