IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BECKY S. WAKEHOUSE, Personal Representative of, the Widow and next of kin of Decedent and Administratrix of the estate of, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:05CV422 |
| v. | ) ) | |
| GOODYEAR TIRE & RUBBER COMPANY, a corporation, CATERPILLAR, Inc., a corporation, TITAN INTERNATIONAL, a corporation, TITAN WHEEL CORPORATION OF VIRGINIA, a corporation, TITAN WHEEL, Corporation, a corporation, and TITAN WHEEL CORPORATION OF ILLINOIS, a corporation, | ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on (1) defendant Goodyear Tire and Rubber Company's ("Goodyear's") motion for summary judgment (Filing No. 121); (2) plaintiff's appeal (Filing No. 235) of the magistrate's order (Filing No. 217) denying plaintiff's motions to compel (Filing Nos. 175, 178, and 181); and (3) Goodyear's motion for clarification or modification (Filing No. 250) of this court's order of May 7, 2006 (Filing No. 245). Defendants Titan International, Titan Wheel Corporation of Virginia, Titan Wheel Corporation, and Titan Wheel Corporation of Illinois (hereinafter, collectively, "Titan") join in the motion to clarify (Filing No. 251). This is a products liability action. Plaintiff seeks damages under theories of strict liability and negligence for the death of her husband, Gary

Wakehouse, who was killed on February 6, 1997, while changing a tire on a Caterpillar road grader. See Filing No. 1, Ex. A, Petition.

### 1. Goodyear's Motion for Summary Judgment

Plaintiff alleges that while the tire was being installed and mounted, the multi-piece wheel rim separated causing the side-ring to strike Mr. Wakehouse resulting in fatal injuries. Id. Plaintiff alleges the defendants are liable for the death under theories of strict liability and/or negligence. Id. Exhibit A. Goodyear contends that it is entitled to summary judgment for the reason that there is no evidence of manufacturing or design defect on its part, no evidence of its failure to warn, and no evidence of conscious pain and suffering by plaintiff's decedent.

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Goodyear's argument that plaintiff's claims against Goodyear fail because her claims against Caterpillar and Titan are subject to dismissal has been rendered moot by this court's previous order denying those defendants' motions for summary judgment. Filing No. 245. Similarly, her argument that there is no evidence to establish liability is obviated by the court's granting plaintiff leave to supplement her expert report.

The materials submitted in support of and opposition to the motion show that there are genuine issues of material fact on the issues of Goodyear's liability for a design defect and for failure to warn. The failure to warn theory was referenced in plaintiff's answers to interrogatories. *See* Filing No. 63, Ex. A. A product may be defective and unreasonably dangerous because the product was sold without sufficient warnings or instructions. *Haag v. Bongers,* 589 N.W.2d 318, 329 (Neb. 1999). The expert testimony on which Goodyear relies in support of its motion is far from an unequivocal statement and does not establish that its product was not defective. Filing No. 123, Ex. L. The expert's conclusion that warnings were inadequate relates to all three defendants' products. *See* Filing No. 153, Hahn Report at 7; Filing No. 229, Ex. 2, Excerpted Hahn Dep. at 8-9. Moreover, as noted in the court's earlier opinion, there is evidence from which a jury could reasonably conclude that the plaintiff's decedent experienced some momentary conscious pain and suffering. For the reasons stated in the court's previous order, the court finds the motion for summary judgment should be denied.

**2. Plaintiff's Appeal of the Magistrate's Order**

Plaintiff moved to compel production of certain documents. *See* Filing Nos. 175, 178, and 181. Defendant had objected to the requests. *See id.* The magistrate found that plaintiff's motion was untimely and that the request was overly broad. Filing No. 217.

On review of a decision of the magistrate on a pretrial matter, the district court may set aside any part of the magistrate's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a)*; In re Lane,* 801 F.2d 1040, 1042 (8th Cir. 1986)*. See also Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995) (noting "a magistrate is afforded broad discretion in the resolution of nondispositive

discovery disputes"). On appeal, plaintiff contends that the magistrate's finding that her motion was untimely is erroneous in light of the extension of the trial date in this case. However, plaintiff has not proposed any meaningful boundary on the overly broad discovery request nor shown that the information is likely to lead to discoverable material. Accordingly, the court finds no error by the magistrate.

### 3. Defendants' Motion for Clarification or Modification

Goodyear and Titan request that the court specifically address whether the expert report of Dr. O.J. Hahn can be supplemented to add new opinions about the Goodyear tire allegedly involved in the plaintiff's decedent's accident. First, the court notes that although the court did not specifically refer to the Goodyear's and Titan's oppositions to the plaintiff's motion to supplement her expert report, the court had considered those filings. The court's conclusion that it was clear that Dr. Hahn's finding was a preliminary finding is equally applicable to Goodyear and Titan. In this previous order, the court found:

> In view of the fact that trial is now scheduled for October 22, 2007, it appears the defendants will not be prejudiced by the supplemental report, provided the plaintiff will make its witness available for deposition with respect to any new material in the supplemental report within 30 days of the date of this order. An expedited schedule for the completion of any remaining discovery will be established by the court and no further extensions of the trial date will be granted.

That finding is equally applicable to Goodyear. Accordingly, there is no need to clarify or modify the court's order. Goodyear's argument that its motion for summary judgment was dependent on Dr. Hahn's testimony has been rendered moot by the denial of its motion for summary judgment. Accordingly,

IT IS HEREBY ORDERED:

1. Defendant Goodyear's motion for summary judgment (Filing No. 121) is denied.

    2. Plaintiff's appeal (Filing No. 235) of the magistrate's order (Filing No. 217) is dismissed.

    3. The magistrate's order (Filing No. 217) is affirmed.

    4. Plaintiff''s motions to compel (Filing Nos. 175, 178, and 181) are denied.

    5. Defendant Goodyear's and defendant Titan's motions for clarification or modification (Filing Nos. 250 and 251) are denied.

    6. The parties shall make their expert witnesses available for deposition with respect to any opinions disclosed subsequent to expert reports within 30 days of the date of this order. If further depositions are necessary to refute that evidence, such depositions shall be scheduled within 30 days thereafter.

    DATED this 29th day of June, 2007.

                                              BY THE COURT:

                                              s/ Joseph F. Bataillon  
                                              Chief United States District Judge